IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ADOLFO PULIDO,                )
                              )
            Petitioner,       )
                              )
    v.                        )     1:19CV471
                              )     1:13CR343-1
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #46] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted in this Court of one count of illegally smuggling money outside the United States in violation of 31 U.S.C. § 5332(a)(1) and (b)(1) and received a sentence of 50 months of imprisonment. Petitioner filed no direct appeal, but instead submitted his current Motion under § 2255. The Government filed a Motion to Dismiss [Doc. #58] based on the statute of limitations. Prior to the filing of the Government's Motion, Petitioner was released from the custody of the United States Bureau of Prisons but failed to provide an updated address in this case. According to the Government and information it received from the United States Probation Office, it appears that Petitioner, a citizen of Mexico, was deported from this country. (Government's Motion at 6, n.2.) In any event, Petitioner has failed to provide a current address and the Court has no way to reach Petitioner at this time. It may be that Petitioner has no further interest in his Motion and has abandoned it. Nevertheless, it fails in any event for the reasons discussed below.

### Claim

Petitioner's current Motion raises a single claim alleging ineffective assistance of counsel based on counsel's alleged failure to advise him regarding an appeal of the trial court's denial of a motion to suppress or to appeal the denial of that motion.

### Discussion

In the Motion to Dismiss, Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). In considering this contention, the Court notes that the one-year limitation period begins to run from the latest of several potential starting dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(f).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for

seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the fourteen-day notice of appeal period expires. Id.; Fed. R. App. P. 4(b). Here, the Judgment in Petitioner's case was entered on June 5, 2014 and Petitioner did not file a direct appeal. Therefore, his conviction became final a few days later in mid-June of 2014. His year to file under subsection (f)(1) began to run at that time and expired a year later in June of 2015. Petitioner did not sign and file his current Motion until April 31, 2019, or nearly four years later. Petitioner's Motion is years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his claim be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner makes no claim that he can satisfy this subsection.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not raise any claim under this subsection or cite to law that could support such a claim.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims are all based on facts that existed and could reasonably have been discovered at the time his Judgment was entered. Therefore, this subsection also does not apply and Petitioner's claim is untimely.

The Court notes that the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner has not made any showing of extraordinary circumstances to support equitable tolling, and no grounds supporting it are present in the record.[1] Petitioner's claim is not timely filed and it should be dismissed.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #58] be granted, that Petitioner's § 2255 Motion [Doc. #46] be dismissed, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 18th day of November, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Court notes that it appears from the record that Petitioner was arrested in California in June 2014 for new drug charges before he reported to serve his sentence in this case, and the arrest warrant in this case was ultimately executed on December 15, 2015. (See Arrest Warrant [Doc. #36] and Return [Doc. #40].) However, the fact that Petitioner engaged in additional criminal conduct after the Judgment was entered would not provide him more time to file. In any event, Petitioner still did not file his Motion until more than three years after being taken back into custody in the present case.

The Court also notes that Petitioner previously filed a Letter Motion on February 6, 2017, requesting assistance of counsel to assist in challenging his conviction and sentence. That Motion was denied without prejudice because it was not on the proper forms, and the Court provided Petitioner with the proper forms on June 14, 2017. Petitioner waited two years to submit the forms. Moreover, even if the Court considered the date that the Letter Motion was originally filed, on February 6, 2017, it was still filed outside the one-year limitations period and would not have been timely.